IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES of the MID-AMERICA CARPENTERS REGIONAL COUNCIL HEALTH FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL PENSION FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL SUPPLEMENTAL RETIREMENT FUND, MID-AMERICA CARPENTERS REGIONAL COUNCIL APPRENTICE & TRAINEE PROGRAM FUND, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| v. | ) ) | |
| P-PILE INC. | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Trustees of the Mid-America Carpenters Regional Council Health Fund, et al., by their attorney, , complain of the Defendants, P-Pile Inc., as follows:

1.      This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §1132).  Jurisdiction is founded on the existence of questions arising there under.

1.      This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §§1132).  Jurisdiction is founded on the existence of questions arising there under.

2.      The Plaintiff Funds are multiemployer benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). The Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois. The Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions

owed to the Funds. With respect to such matters, the Administrator is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

3. The Defendant is an employer engaged in an industry affecting commerce which entered into Agreements which require Defendant to pay fringe benefit contributions to the Trust Funds.

4. Delinquent employers are required to pay, in addition to the amounts determined to be due, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

5. The Defendant must submit monthly reports listing the hours worked by its carpenter employees ("contribution reports") and to make concurrent payment of contributions and dues checkoff to the Trust Funds based upon the hours worked by its carpenter employees.

6. The Defendant breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit contribution reports to the Trust Funds for the period April 2026 through present .

7. The Defendant breached the Collective Bargaining Agreement and Trust Agreements by failing to pay fringe benefit contributions and dues checkoff in the amount of $140,334.27 for the period May 2026 and liquidated damages on these unpaid contributions and on previously paid contributions. The liquidated damages currently owed are $4,080.96 and will continue to compound monthly and accrue.

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

9. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

10. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

11. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

12. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

a) double interest on the unpaid contributions; or

b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

13. Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

Wherefore, Plaintiffs pray:

a) That the Defendant be ordered to submit fringe benefit reports, contributions and dues checkoff for the months April 2026 through the present.

b) That the Plaintiff be allowed to submit an estimate of the amount of contributions due.

c) That the Defendant be ordered to pay $140,334.27 representing contributions and dues checkoff for the period May 2026.

d) That the Defendant be ordered to pay liquidated damages pursuant to the Trust Agreements currently in the amount of $4,080.96 that will continue to compound and accrue.

e)  That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

f)  That the Defendant be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

g)  That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs, both pre and post-judgment, pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

h)  That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

Respectively submitted,

*Attorney for Plaintiffs*

/s/ Daniel P. McAnally
McGann, Ketterman & Rioux
111 E. Wacker Drive - Suite 2300
Chicago, IL 60601
(312) 251-9700
dmcanally@mkrlaborlaw.com